UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMIE BASSEL, D.C.,<br><br>      Plaintiff,<br><br> v.<br><br>ERM GROUP INC. and<br>AETNA LIFE AND HEALTH INSURANCE<br>COMPANY,<br><br>      Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

Defendant Aetna Life and Health Insurance Company ("Aetna"),[1] by and through the undersigned counsel, hereby files this Notice of Removal, with the express written consent of ERM Group Inc. ("Aetna's Co-Defendant"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 and states as follows:

**I. NATURE OF THE ACTION**

 **A. The Nature of the Action Being Removed.**

1. On or about October 8, 2019, Plaintiff Jamie Bassel, D.C. ("Bassel") filed a Complaint in the Civil Court of the City of New York County of Queens, styled *Jamie H. Bassel, DC v. ERM Group Inc.and Aetna Life and Health Insurance Company,* Case No. CV-724295-19

---

[1] Plaintiff named Aetna Life and Health Insurance Company as a Defendant in this action. There is no such entity.

("this Action" or "the Action Being Removed"). A true and correct copy of the Summons and Complaint in this Action are attached hereto as Exhibit "1."[2]

2. The Complaint, which was verified by Plaintiff Jamie H. Bassel, DC, was the initial pleading sent to Defendants upon which this action is based. Plaintiff served a copy of the Summons and Complaint upon the agent of Defendant Aetna on November 4, 2019. *See id.*

3. Plaintiff alleges that he is a health services provider; that Aetna is an insurance company that administers health plans; and that Aetna's Co-Defendant is responsible for determining the amount of and the payment for health benefits for services provided to participants in the Aetna-administered plans. *See id.*

4. Plaintiff alleges that he provided services to a participant in one of Aetna's health benefits plans; that Defendants failed to make any payments for those services under the health benefits plans; and that Defendants should be ordered to pay him his entire billed charges along with federal statutory costs and interest and attorneys fees and disbursements. *See id.*

5. Plaintiff alleges that Defendants violated Section 502 of the Employee Retirement Income Security Action ("ERISA"), 29 U.S.C. § 1132, and that Defendants should be further liable to him under common law theories of equitable estoppel, breach of implied contract, and promissory estoppel. *See id.*

**B.  The Health Benefits At Issue In The Action Being Removed Are Already Part Of An Action Pending In This Court.**

6. On or about July 25, 2017, Plaintiff Bassel commenced an action, on behalf of his self-titled professional corporation, Jamie Bassel, D.C., P.C., against "Aetna Health Insurance

---

[2] The Complaint contains protected health information that was not redacted. In the copy attached hereto as Exhibit "1", Defendant Aetna redacted that protected health information in order to comply with HIPAA.

Company of New York; Aetna Health and Life Insurance Company of New York; and Aetna Life Insurance Company" (the "First Filed Complaint").

7. Aetna removed the First Filed Complaint to this Court on September 1, 2017, where it is docketed at No. 1:17-cv-05179 (ERK-RER) ("Bassel I").

8. In the First Filed Complaint, Plaintiff Bassel, on behalf of his company, alleged that "Aetna" failed to pay for medical services purportedly provided by Plaintiff Bassel to fifty-seven (57) Aetna members, including the member at issue in the Action Being Removed.

9. In fact, the First Filed Complaint not only includes the same member, but it includes the same claims for the same medical services on the same date(s) of service for that Aetna member. The Action Being Removed is an improper duplication of an already pending action, where the Court has already entered rulings on remand, dismissed certain claims, held an unsuccessful settlement conference, allowed Plaintiff Bassel a limited right to file an amended complaint, which he failed to do; and a motion for judgment is pending.

10. The Action Being Removed is actually one of fourteen cookie-cutter lawsuits – all asserting, *inter alia*, violations of Section 502 of ERISA – that Plaintiff Bassel filed against Aetna on the same day for different Aetna members, which all involve medical services at issue in the First Filed Complaint in Bassel I.

11. There is also a fifteenth lawsuit, using the same cookie-cutter complaint, that involves claims that were not apparently part of the First Filed Complaint in Bassel I.

12. Aetna is working to coordinate removal of the other related lawsuits as well.

## II. GROUNDS FOR REMOVAL

13. Removal of a case from state court to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a).

14. Federal district courts have original jurisdiction of all civil actions arising under the laws of the United States. 28 U.S.C. § 1331.

15. This Action arises under the laws of the United States, *inter alia*, including specifically provisions of ERISA, 29 U.S.C. § 1132.

16. This action may, therefore, be removed to this Court under 28 U.S.C. §§ 1331, 1441(a), and 1446(b)(1).

### III. PROCEDURAL AND OTHER MATTERS.

17. The filing of this petition for removal is timely because it was filed with this court within thirty (30) days after the date Defendants first received notice that this action became removable on the basis of federal question jurisdiction under 28 U.S.C. § 1331. *See* 28 U.S.C. § 1446(b)(1); *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 198 (2d Cir. 2001); *see also* Exhibit "1".

18. Aetna's Co-Defendant expressly consents to the removal of this Action to this Court. A true and correct copy of the consent is attached hereto as Exhibit "2".

19. The venue of this removal is proper under 28 U.S.C. § 1441(a), because the United States District Court for the Eastern District of New York embraces the judicial circuit which includes the Civil Court of the City of New York, County of Queens, where the Action Being Removed has been pending. Such venue is alleged as proper solely for removal.

20. By filing this Notice, Defendants do not waive their right to object to service, service of process, the sufficiency of process, venue or jurisdiction, and specifically reserve the right to assert any defense and/or objections to which they may be entitled.

21. No Act of Congress prohibits removal of this case, and the case is removable under 28 U.S.C. §§ 1331, 1441(a), and 1446(b)(1).

22. Immediately upon filing this Notice of Removal, Defendants will provide written notice to Plaintiff's attorney of the removal of this case and will file a copy of this Notice of Removal with the Clerk of the Civil Court of the City of New York, County of Queens, pursuant to 28 U.S.C. § 1331, 1441(a), and 1446(d).

23. This Notice of Removal has been signed under Rule 11 of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

WHEREFORE, Defendant Aetna, with the express written consent of its Co-Defendant, hereby remove this Action to this Court.

Respectfully submitted:

**DENLEA & CARTON LLP**

By: _____
Amber T. Wallace, Esq. (AW0393)
2 Westchester Park Drive, Suite 410
White Plains, NY 10604
(914) 331-0100

**ELLIOTT GREENLEAF, P.C.**

Colin J. O'Boyle, Esq.
(*pro hac forthcoming*)
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1054

*Counsel for Defendant Aetna*

## CERTIFICATE OF SERVICE

I, Amber T. Wallace, hereby certify that on this date, the foregoing Notice of Removal, with exhibits, was served via First Class Mail upon the following:

>Michael Baglio
>Lewin & Baglio, LLP
>1100 Shames Drive
>Suite 100
>Westbury, NY 11590
>*Counsel for Plaintiff*
>
>Clerk Court of the City of New York
>County of Queens
>89-17 Sutphin Boulevard
>Jamaica, NY 11435

**DENLEA & CARTON LLP**

By: /s/ Amber Wallace
Amber T. Wallace, Esq. (AW0393)
2 Westchester Park Drive, Suite 410
White Plains, NY 10604
(914) 331-0100

Date: December 4, 2019